NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 24-4592 (RK) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on Timothy M.'s ("Timothy")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision, which denied Timothy's request for disability insurance benefits. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, the Court **AFFIRMS** the Commissioner's decision.

**I.  BACKGROUND**

In this appeal, the Court must answer the following question. Does substantial evidence support Administrative Law Judge Sharon Allard's ("Judge Allard") determination of Timothy's residual functional capacity?

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

A.   **PROCEDURAL POSTURE**

Timothy filed an application for a period of disability insurance benefits on November 3, 2020, alleging an onset date of March 17, 2020. (Administrative Record ("AR") at 223–38.)[2] The Social Security Administration (the "Administration") denied the request both initially and on reconsideration. (*Id.* at 103–07, 115–19.) Timothy requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 125.) At a telephonic hearing on March 10, 2022, Judge Allard heard testimony from Timothy, who was represented by counsel, and a vocational expert. (*Id.* at 55–74.) Due to technological difficulties, the hearing could not be completed. (*Id.* at 14.) The hearing continued on July 26, 2022, where Plaintiff, who was still represented by counsel, and an impartial vocational expert, testified. (*Id.* at 33-54.) On April 28, 2023, Judge Allard issued a written decision finding Timothy was not disabled. (*Id.* at 14–27.) The Administration's Appeals Council denied Timothy's request to review Judge Allard's decision. (*Id.* at 1–6.) This appeal followed. (ECF No. 1.) The Administrative Record was filed on June 10, 2024 (ECF No. 4), Timothy filed his moving brief challenging Judge Allard's decision on July 31, 2024 (ECF No. 7), the Commissioner filed an opposition brief on August 30, 2024 (ECF No. 9), and Timothy filed his reply on September 13, 2024 (ECF No. 10).

B.   **JUDGE ALLARD'S DECISION**

In her April 28, 2023 opinion, Judge Allard found that Timothy was not disabled under the prevailing Administration regulations. (*See generally* AR at 14–27.) To reach this decision, Judge Allard applied the five-step process for determining whether an individual is disabled as set forth in 20 C.F.R. § 404.1520(a). (*Id.* at 16–17.) At Step One, Judge Allard found that Timothy had not

---

[2] The Administrative Record ("Record" or "AR") is available at ECF No. 4-1 through 4-7. This Opinion will reference only page numbers in the Record without the corresponding ECF numbers.

2

engaged in substantial gainful activity since the alleged onset date, March 17, 2020. (*Id.* at 17 (citing 20 C.F.R. § 404.1571 *et seq.*).) At Step Two, Judge Allard found that Timothy suffered from three severe impairments: degenerative disc disorder, lumbar radiculopathy, and obesity. (*Id.* at 17–18 (citing 20 C.F.R. § 404.1520(c)).) At Step Three, Judge Allard determined that Timothy did not have "an impairment or combination of impairments" that qualified under the Administration's listed impairments. (*Id.* at 18–19 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).) As a precursor to Step Four, Judge Allard concluded that Timothy had the residual functional capacity ("RFC") to perform "light work"[3] with the following limitations: he could never work around hazards, including moving mechanical parts or at unprotected heights," and could occasionally "climb ramps/stairs, kneel, stoop, crouch, [ ] crawl, balance on wet, moving or uneven surfaces[,]" and have "occasional exposure to temperature extremes of heat and cold, wetness, humidity, fumes, odors, dusts, gases and poor ventilation." (*Id.* at 19-25.) At Step Four, Judge Allard found that Timothy "is capable of performing past relevant work as a Police Detective." (*Id.* at 25 (citing 20 C.F.R. § 404.1565).) Finally, at Step Five, Judge Allard heard testimony from a vocational expert and concluded that "there are jobs that exist in significant numbers in the national economy" that Timothy could perform. (*Id.* at 25–26 (citing 20 C.F.R. §§ 404.1569, 404.1569a).) The impartial expert testified that representative jobs Timothy could perform, consistent with Judge Allard's RFC, included a police detective, police officer for safety instruction, internal affairs investigator, and a police clerk. (*Id.* at 25-26, 42-43.)

---

[3] Light work, as defined in 20 C.F.R. 4042.1567(b), means in an eight-hour workday, "sitting up to six hours; standing/walking up to six hours; and lifting/carrying up to 20 pounds occasionally and 10 pounds frequently." 20 C.F.R. 4042.1567(b).

This appeal concerns Judge Allard's RFC determination, specifically whether she adequately examined all relevant record evidence and explained how state agency medical consultant opinions ("SAMC Opinions") were supported and consistent with such evidence.

Regarding the RFC determination, Judge Allard first reviewed Timothy's self-reported symptoms and claimed functional limitations. (*Id.* at 19–20.) The ALJ considered Timothy's treatment history—mainly relating to his back pain and degenerative disc disorder—and determined that Timothy's severe impairments could be expected to produce the symptoms he alleged (*id.* at 19-24), but "the symptoms do not cause the degree of limitation alleged" (*id.* at 24). Judge Allard considered Timothy's medical treatment history. (*Id.*) Timothy visited Dr. Xialoing Li in February 2020 following a fall at work and complained of low back pain. (*Id.* at 19.) X-rays from that time showed mild multilevel degenerative change of the lumbosacral spine. (*Id.* at 19) (citing Ex. 5F at 48–49.) During multiple subsequent neurosurgical evaluations with Dr. Alfred Steinberger in 2020, it was reported that Timothy had an antalgic gait, mild distal right leg weakness, and significant low back pain with radicular component on mostly the right leg. (*Id.* at 20 (citing Ex. 4F).) Dr. Steinberger diagnosed Timothy with lumbagodisogenic disease with disc herniations, but he maintained "full weight bearing ambulation." (*Id.*) Dr. Steinberger recommended physical therapy and that Timothy refrain from working "for at least eight weeks." (*Id.*) Despite these symptoms of pain, Timothy continued working at this time. Additional MRI's of Timothy's lumbar spine showed mild results of foraminal narrowing due to an annular disc bulge and mild canal stenosis. (*Id.*)

In May 2020, Timothy attended a telehealth physical therapy session due to the extraordinary circumstances presented by the COVID-19 Pandemic. (*Id.*) Timothy's range of

4

motion improved; however, his pain symptoms had not, and a discussion ensued regarding Timothy's "weight reduction and the importance of regular physical activity." (*Id.* (citing Ex. 2F at 29–43).) Timothy visited Dr. Naimish Baxi, a pain management specialist, who reported Timothy had generally normal findings except his "lumbar range of motion was painful and limited in forward flexion and extension," and "there was diffuse tenderness to palpation over bilateral lumbar paraspinals." (*Id.* at 21 (citing Ex. 1F).) Dr. Baxi diagnosed Timothy with lumbar radiculitis and midline low back pain with right-sided sciatica, and recommended he continue the course of steroid injections and physical therapy, as well as refraining from working. (*Id.*) Timothy repeated this treatment pattern, but his chronic low back pain persisted. (*Id.* at 22.) In total, two steroidal injections did not in the long-term significantly reduce Timothy's claimed back pain. (*Id.* at 21-22.)

By June 2021, Timothy had "retired because he could not do his job" as a police detective given his pain. (*Id.* at 22.) At this point, Dr. Steinberger recommended surgery for decompression, fusion, and instrumentation at L4-5 to Timothy to relieve his back pain, but Timothy did not wish to proceed with surgery. (*Id.* (citing Ex. 4F–5F).) Lastly, Dr. Deepinder Arora conducted a consultative examination of Timothy, finding generally normal results (i.e. "neurological examination was normal, with power and strength 5/5 all over and grip strength 5/5 in the hands bilaterally, [and Timothy] could walk on his toes heels and do tandem walk") with a slight limp when walking on his heels, "mild restriction to anterior and lateral flexion of the spine" and decreased range of motion in the lumbar spine. (*Id.*)

Lastly, Judge Allard considered the medical opinions in the record. The state agency medical consultants, Drs. Bilenker and Bustos, opined that Timothy could perform light exertional

5

work with certain postural and environmental limitations. (*Id.* at 25 (citing Exs. 1A, 3A, 5A).) Judge Allard found "these opinions persuasive because they are supported by and consistent with the medical evidence of record." (*Id.*) Judge Allard noted that various treating physicians recommended that Timothy remain out of work; however, she found these statements not persuasive "as they are conclusory" and "without a function by function assessment." (*Id.* (citing Exs. 1F, 2F, 5F, 8F).)[4]

## II. LEGAL STANDARD

### A. STANDARD OF REVIEW

The Court reviews the "final decision of the Commissioner of Social Security" to determine whether the Commissioner's findings are "supported by substantial evidence." 42 U.S.C. § 405(g). In the event that the Appeals Council denies a claimant's request for review, "the ALJ's decision is the Commissioner's final decision." *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (citation omitted). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)). Put differently, "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). This evidentiary threshold "is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

The scope of the Court's review of the ALJ's decision is "quite limited." *Id.* On review the Court may not "re-weigh the evidence or impose [its] own factual determinations." *Chandler v.*

---

[4] Judge Allard also considered Timothy's non-severe impairments in her determination of his RFC (*see* AR at 23–24), but this aspect of her opinion is not at issue on appeal. (*See generally* ECF Nos. 7 and 10.)

*Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently." *Fargnoli v. Massanari,* 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

### B.   ESTABLISHING ELIGIBILITY FOR DISABILITY INSURANCE BENEFITS

A claimant may establish disability under the Social Security Act by proving they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ applies a well-established "five-step sequential evaluation process," which requires considering whether the claimant:

> (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy.

*McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f)). The claimant bears the burden at the first four steps, at which point it shifts to the Commissioner at Step Five. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019).

### III.   DISCUSSION

Timothy appeals the Appeals Council's affirmance of Judge Allard's decision. He argues that Judge Allard committed legal error by failing to adequately discuss how the SAMC Opinions

7

were supported by and consistent with the record evidence, thereby precluding meaningful judicial review. For the following reasons, the Court disagrees.

For claims filed after March 27, 2017, like those in the instant matter, the regulations dictate that the Commissioner will consider the following factors when considering all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The regulations emphasize that "the most important factors [that the ALJ and Commissioner] consider when [ ] evaluat[ing] the persuasiveness of medical opinions" are the factors of supportability and consistency. *Id.* at §§ 404.1520c(a), 416.920c(a). Further, the regulations require the ALJ to "discuss [the] supportability and consistency [factors]" when articulating her "consideration of medical opinions and prior administrative medical findings" in her opinion. *Lee Ann M. v. O'Malley*, No. 22-1104, 2024 WL 4184486 at *7 (D.N.J. Sept. 13, 2024) (citations omitted).

When an ALJ evaluates a medical opinion, the ALJ is not required "to use particular language or adhere to a particular format in conducting [her] analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119–20 (3d Cir. 2000)). Instead, the Court must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." (*Id.*) This requirement governs the Court's review of each Step of the ALJ's analysis, including her RFC determination. An ALJ's finding of a claimant's RFC must "be accompanied by a clear and satisfactory explication of the

8

basis on which it rests." *Fargnoli*, 247 F.3d at 41 (quoting *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981) (the Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected")). However, the Court "examine[s] the ALJ's conclusions as to a claimant's RFC with 'the deference required of the substantial evidence standard of review.'" *Martin v. Comm'r of Soc. Sec.*, 547 F. App'x 153, 160 (3d Cir. 2013) (quoting *Burns v. Barnhart*, 312 F.3d 113, 129 (3d Cir. 2002)). Substantial evidence does not require highly detailed explanations, "[t]o the contrary, a reviewing court must 'uphold' even 'a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Ming Dai*, 593 U.S. 357 at 368 (2021); *see also Cotter*, 650 F.2d at 482 ("[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice.")

Timothy argues that Judge Allard's RFC determination is not supported by substantial evidence because her discussion of the SAMC Opinions on which she relies to determine Timothy's RFC lacks the required "minimum level of articulation" required by the Regulations. (*See* ECF No. 7 at 8–10; *see also* 20 C.F.R. § 404.1520c (requiring the ALJ to "discuss supportability and consistency" in their "consideration of medical opinions").) Further, Timothy contends that Judge Allard failed to explain why she discounted evidence from the Kessler Rehabilitation Center Findings stating Timothy had limits to the amount he could push, pull, stand, and sit that are inconsistent with Judge Allard's RFC determination of light work. (*Id.*) The Commissioner responds that when viewed as a whole, Judge Allard's opinion adequately considers all the relevant medical evidence and substantial evidence supports her finding that the SAMC Opinions were consistent and supported by the record. (ECF 9 at 13.) This Court finds that substantial evidence supports Judge Allard's RFC determination.

In determining Timothy's RFC, Judge Allard considered the subjective, medical, and opinion evidence related to Timothy's lumbar spine, which forms the core of Timothy's treatment history and complaints. Judge Allard considered Timothy's claims of back pain. (AR at 19–23 (citing Exs. 1F, 2F, 4F, and 5F).) Judge Allard reviewed the medical records showing Timothy's treatment history which included several stints of physical therapy, two steroid epidural shots, x-rays and an MRI. (*Id.*) Judge Allard considered the SAMC Opinions which found Timothy capable of performing "light exertional work activity with postural and environmental limitations." (*Id.* at 25 (citing Exs. 1A, 3A, and 5A.) Judge Allard noted that recommendations in the record that Timothy remain out of work were not persuasive "as they are conclusory statements, without a function-by-function assessment," and that the consultative examiner, Dr. Arora, did not give an opinion regarding Timothy's ability to perform work related activities. (*Id.* at 25 (citing 1F, 2F, 5F, 6F, 8F).) Judge Allard concluded that due to Timothy's "degenerative disc disorder, lumbar radiculopathy, and obesity," he retains the capability to perform "light exertional work activity, with postural and environmental restrictions." (*Id.*)

Judge Allard's conclusion was based in part on finding that despite Timothy's claims that his pain precluded him from work, he was able to take care of his personal needs and could do light housework. (*Id.* (citing Ex. 5E).) Further, Timothy was able to continue working as a police detective until 2021, some time after the alleged onset date. (*Id.* at 20, 22 (citing 4F, 6F).) While Judge Allard recounted a decrease in Timothy's range of motion of the lumbar spine; she noted that Timothy maintained a normal gait and station, the ability to move his knees and hips normally, 5/5 power and strength in his grip and hands, and total range of motion in his shoulders. (*Id.* at 22 (citing Ex. 6F).) Given the functional assessments performed by the state agency medical consultants, who opined that Timothy was capable of light work subject to certain limitations, and

10

in conjunction with the above referenced evidence, the ALJ crafted an RFC that limited Timothy to "light work" with an ability to "occasionally climb ramps/stairs, kneel, stoop, crouch and crawl…, balance on wet, moving or uneven surfaces…," but "never climb ladders, ropers or scaffolds, work around hazards, including moving mechanical parts or at unprotected heights." (*Id.* at 19.)

Timothy complains that the ALJ did not adequately address the factors of supportability and consistency in regard to the SAMC Opinions. (ECF No. 7 at 11 (citing AR at 25).) Timothy argues that Judge Allard's analysis was incomplete and improper by stating in a summary fashion that she found the SAMC Opinions "persuasive because they are supported by and consistent with the medical evidence of record." (*Id.* at 11 (citing AR at 25).) While the Court agrees with Timothy that Judge Allard's discussion of the SAMC Opinions could benefit from some additional elaboration, this Court finds that Judge Allard's decision, when "read as a whole, illustrates that the ALJ considered the appropriate factors" to permit meaningful review of Timothy's RFC determination. *See Jones*, 364 F.3d at 505; *see also Diaz v. Comm'r of Soc. Sec.*, 577 F. 3d 500, 504 (3d Cir. 2009) (stating that an ALJ "need not employ particular 'magic' words" or "adhere to a particular format" rather, the decision need only contain a sufficient discussion of the evidence and explanation of the ALJ's reasoning to enable "meaningful judicial review.") As established above, Judge Allard's RFC determination is consistent with the vast majority of the treatment records and objective medical findings referenced in her opinion, which document persistent low back pain but otherwise generally normal findings. Accordingly, while perhaps a more fulsome written analysis might have been helpful and clearer, Judge Allard's entire opinion enables this Court to discern her reasoning for why substantial evidence supports her RFC determination. *See Garland,* 593 U.S. at 369 (citation omitted) (the substantial evidence standard does not require

highly detailed explanations, "[t]o the contrary, a reviewing court must 'uphold' even 'a decision of less than ideal clarity if the agency's path may reasonably be discerned'")

Timothy also argues that Judge Allard did not explicitly state why she rejected certain contradictory evidence in the Kessler Rehabilitation Findings regarding Timothy's abilities to push, pull, sit, and stand. (ECF No. 7 at 11.) However, Judge Allard did reference the Kessler Rehabilitation Findings in her opinion, noting that they documented some improvement in Timothy's range of motion in the lumbar spine but that his pain symptoms remained unchanged. (*Id.* at 20 (citing Ex. 2F/29–43).) Further, Judge Allard noted that she considered the Kessler Rehabilitation Findings along with the opinions from the state agency medical consultants in crafting Timothy's RFC. (*Id.* at 20, 25.) Lastly, Judge Allard adequately explained why she found the contradictory medical opinion testimony that Timothy should refrain from work unpersuasive. (AR at 20, 25 (citing noting despite his pain, Timothy continued to work during a portion of the relevant time period).)[5]

While the Court agrees with Timothy that Judge Allard did not explicitly state why she rejected certain limitations articulated in the Kessler Rehabilitation Findings, such a specific articulation is not required. *See Camille C. v. O'Malley*, No. 23-1033, 2024 WL 1328132 n.8 (D.N.J. Mar. 27, 2024) ("[W]hile Plaintiff argues ALJ Allard did not explicitly reference a few specific statements from these two doctors, that does not mean ALJ Allard did not consider those

---

[5] Timothy also argues that the record is unclear as to whether the state agency medical consultants, in preparing their opinion, reviewed the Kessler Rehabilitation Findings. (ECF No. 10 at 6.) Thus, Timothy contends that Judge Allard's reliance on these opinions is flawed and leaves the Court to guess "how the ALJ arrived at her conclusion to completely accept their opinions." (*Id.*) However, Judge Allard explicitly cited to the Kessler Rehabilitation Findings, indicating she reviewed them, and it is of no import whether the state agency medical consultants did not review this evidence because the ultimate RFC determination is reserved for the ALJ. *See Roger D. v. Kijakazi*, No. 20-1806, 2021 WL 4191434, at *5 (D.N.J. Sept. 15, 2021) ("it is the ALJ—not treating or examining physicians or state agency physicians—who makes the ultimate disability and RFC determinations.") (*citing Chandler*, 667 F.3d at 361.)

statements. ALJs are not required to list or discuss every piece of evidence in the record.") (citing *Jose L. v. Comm'r of Soc. Sec.*, No. 20-9749, 2022 WL 603001, at *5 (D.N.J. Mar. 1, 2022); *Frederick F. v. Comm'r of Soc. Sec.*, No. 20-11500, 2022 WL 445538, at *2 (D.N.J. Feb. 14, 2022). Additionally, "an ALJ is not required to cite every piece of evidence in the record." *Pintal v. Comm'r of Soc. Sec.,* 602 F'Appx 84, 88 (3d Cir. 2015) (citing *Fargnoli,* 247 F.3d at 42) (stating there is no requirement that an ALJ refer to every piece of relevant medical evidence so long as the reviewing court can discern the basis of the decision).

Lastly, Timothy argues that Judge Allard's error is not harmless because it leaves the "ALJ's decision unsupported by substantial evidence." (ECF No. 7 at 11.) However, the harmless error rule in Social Security appeals is whether the ALJ's error affects the outcome of the case. *See Rutherford*, 399 F.3d at 553 ("[W]e . . . conclude that a remand is not required here because it would not affect the outcome of the case.") A procedural error like the one Timothy alleges Judge Allard committed (i.e. failing to adequately discuss the consistency and supportability of medical opinions) is harmless "if the Court can 'glean' how the ALJ considered the consistency [or supportability] of the opinion and if a 'searching review' of the record confirms that the ALJ did not violate the applicable regulations." *Glenn W. v. Kijakazi*, No. 21-2724, 2023 WL 238823, at *7 (D.N.J. Jan. 18, 2023) (quoting *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (stating that "the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record[,]" but that "[d]espite the ALJ's procedural error, we could affirm if 'a searching review of the record' assures us 'that the substance of the [regulation] was not traversed'") (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)) (cleaned up). Accordingly, on appeal, Timothy must show not merely that Judge Allard erred, but the error changed the determination of disability. *See Michael D. v.*

13

*Comm'r Soc. Sec*, 2023 WL 6795125 at *4 (citing *Romero v. Comm'r of Soc. Sec.*, No. 18-16806, 2020 WL 2301444, at *2 (D.N.J. May 8, 2020).

In the alternative, if the Court did not agree with Judge Allard's RFC determination of light work, Judge Allard nonetheless posed hypothetical questions to the vocational expert ("VE") at the ALJ hearing that included more severe limitations consistent with a sedentary exertional level and the functional limitations expressed in the Kessler Rehabilitation Findings. (AR at 26, 46-53; *see also* 20 C.F.R. § 404.1567(b) (defining sedentary work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles" and "involve[ing] sitting" with a "certain amount of walking and standing"). The VE testified that even if Judge Allard had found Timothy limited to a sedentary exertional level (i.e. consistent with the Kessler Rehabilitation Findings), sufficient jobs existed in the national economy for him to do. (*Id.*) As such, Timothy cannot show that Judge Allard's alleged error was harmful since it would not have changed the outcome in the instant matter.[6]

---

[6] Timothy relies on *Glenn v. Kijakazi* to support his argument that Judge Allard failed to include the adequate level of articulation in her opinion. (ECF No. 7 at 10 (citing *Glenn,* 2023 WL 238823 at *7).) However, the instant matter is easily distinguished from *Glenn,* where the court was unable to determine if the ALJ's error was harmless. *See Glenn,* 2023 WL 238823 at *7.

CONCLUSION

Having reviewed the record as a whole, the Court affirms the affirmance of Judge Allard's decision by the Administration's Appeals Council. The Court will issue an order consistent with this Memorandum Opinion.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: November 22, 2024